IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES ROMANO<br>202 Runnymede Avenue<br>Jenkintown, PA 19046<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SCHOOL DISTRICT OF JENKINTOWN<br>325 Highland Avenue<br>Jenkintown, PA 19046<br><br>　　　　Defendant. | CIVIL ACTION<br><br>No.:<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, James Romano (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### I. Introduction

1.　Plaintiff has initiated this action to redress violations by the School District of Jenkintown of the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. §§ 621 *et. seq.*) and the Pennsylvania Human Relations Act ("PHRA" - 43 P.S. Section 951, *et. seq*).[1] The gist of Plaintiff's lawsuit is that he was unlawfully terminated from his employment because of his age.

### II. Jurisdiction and Venue

2.　This Court may properly maintain jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice,

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of her federal right-to-sue-letter under Title VII. Plaintiff's PHRA claims however will mirror identically his federal claims under the ADEA. It is hopeful that Defendant will simply waive further administrative exhaustion, as do most Defendants (for a non-delayed amendment hereto).

satisfying the standard set forth by the United States Supreme Court in *International Shoe Co v. State of Washington*, 326 U.S. 310 (1945) and its progeny.

3. This action is initiated pursuant to a federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III.     Parties

5. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

6. Plaintiff is an adult who resides at the above-captioned address.

7. The School District of Jenkintown ("Defendant") is a public school district located in Montgomery County, Pennsylvania (serving predominantly the Borough of Jenkintown).

8. At all times relevant herein, Defendant acted through by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## IV.     Factual Background

9.     The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

10.    Plaintiff is 70-year-old man.

11.    Defendant is comprised of two schools, Jenkintown Elementary School, and Jenkintown Middle / High School. And Defendant is located in Montgomery County, Pennsylvania.

12.    Plaintiff was employed by Defendant as a girls' basketball coach for <u>over</u> 40 years (for the High School within Defendant's District).

13.    Plaintiff was very good at his job, in addition to being very passionate. By way of examples only, Plaintiff oversaw 10 Bicentennial League Constitution championships, 15 District 1 Class A Championships, a 2018 Class A State championship, an undefeated 2020 season (29-0), and led teams to over 700 career wins.

14.    Plaintiff received a 2017-2018 USA Today Woman's National Coach of the Year Award and an induction into the Montgomery County Coaches Hall of Fame. These are among other accolades.

15.    When it became known Plaintiff was potentially not being retained as a coach by Defendant (explained more *infra*), hundreds of people (without Plaintiff's knowledge) petitioned for Plaintiff's continued employment as the girls' basketball coach. Suffice it to say, Plaintiff loved his position with all his heart (and deeply cared for the athletes he trained, mentored, and supervised). And the community was very fond of Plaintiff.

16.    Among other management, Plaintiff reported to the Athletic Director, Chris O'Brien ("O'Brien") and the High School Principal, Thomas Roller ("Roller"). As with all staff

and education personnel, Plaintiff indirectly reported to Jill Takacs ("Takacs") - - the District Superintendent.

17. Plaintiff's termination from employment was effective on or about June 30, 2023 (when Plaintiff's annual employment agreement was not renewed), subject to *a delayed* notification of the termination / non-renewal (outlined below).

18. In the spring of 2023 (only months before his termination), Plaintiff was asked by Roller about "retirement." Roller inquired if Plaintiff gave "any thought to retirement" yet; and if so, when Plaintiff may retire.

19. In response to inquiries and questions about when Plaintiff would retire, Plaintiff explained he enjoys what he does, did not plan to retire, and asked why this inquiry was being made. Roller then informed Plaintiff that Takacs asked him to speak with Plaintiff and to see if Plaintiff was considering retiring; and if so, when.

20. Plaintiff was pleasant (but adamant) with Roller assuring him Plaintiff had no intent of retiring (despite Plaintiff's significantly advanced age). Inquiries in close proximity to a termination about "retirement" are evidence of age discrimination. *See e.g. Sesso v. Mercy Suburban Hosp.*, 2013 U.S. Dist. LEXIS 34401 (E.D. Pa. 2013)(references about retirement constitutes evidence of age discrimination in advance of termination). Plaintiff attributed this discriminatory inquiry to Takacs (based upon his conversation with Roller).

21. Within 1-2 months following retirement-related comments directed at Plaintiff at the behest of Takacs, Plaintiff was informed *he might not be renewed* or retained as an employee. This was primarily in the early to mid-June 2023 timeframe.

22. Without confirmation of a renewal or continuing employment, Plaintiff's employment was deemed effectively over as of June 30, 2023. Defendant's management

hierarchy was refusing to give Plaintiff a conclusive answer about whether Plaintiff could or would be renewed and/or retained for the 2023-2024 coaching year (personally and in Board meetings).

23. While stonewalling and ignoring Plaintiff's request(s) for a status of his employment, Defendant posted for application submissions in or about July of 2023. To avoid any uncertainty, Plaintiff applied for his own job as coach formally in July of 2023.

24. It appeared that Defendant was attempting to find ***any*** possible replacement for Plaintiff, ***regardless of*** skill, qualification, experience, ***or even desire of the applicant***. Upon information and belief, Takacs tried to convince Latoya Bowens (a middle school coach) to apply for Plaintiff's job. Bowens to Plaintiff's knowledge declined. It is Plaintiff's understanding Takacs attempted to even convince a boy's coach to apply for Plaintiff's job. To Plaintiff's knowledge, he declined as well.

25. It was certainly very <u>atypical</u>, contrary to practices or policies, and abnormal that the Superintendent was working *<u>directly as a recruiter</u>* for Plaintiff's job. To add to the abnormalities, Takacs was – upon information and belief – bypassing and not including the Athletic Director or Principal (normal participants in interviews, hiring, and recruiting).

26. By late August 2023, it had been announced publicly that Takacs had successfully recruited Jamal Elliot who was – by Plaintiff's estimate – approximately 20 years younger than Plaintiff.

27. Plaintiff was more qualified than his ultimate replacement, knew the institution better, and had wonderful long-term relationships with the community, students, and alumni.

28. It was not until late August of 2023 that Plaintiff was finally told conclusively, he was not getting a new contract, not having his employment agreement renewed, and that he was

not being hired for the 2023-2024 year based upon his application for his own job that Plaintiff submitted (which should have been unnecessary).

29. Plaintiff was not given any clear explanation for his separation and only told his contract was not being renewed generally. Plaintiff pressed for an explanation or details, but he was offered no meaningful information. During Board meetings, in response to public inquiries, and in response to his requests for information - - everyone (to Plaintiff's knowledge) was denied specific details of why Plaintiff was terminated (and not renewed).

30. In the December 2022 – January 2023 timeframe (shortly before age-related inquiries of retirement to Plaintiff), Takacs was attempting to investigate Plaintiff for completely pretextual reasons. Plaintiff used terms like Hun, honey, or babe in talking to the team **for nearly 40 years**. Plaintiff tapped the shoulders of students telling them to change their defensive posture or to crouch lower for defensive positions. Nothing Plaintiff said or did could even remotely be construed subjectively or objectively as "sexual" (to the extent this was even the inquiry, as Plaintiff is only referencing this matter to show Takacs was personally engaging in a witch-hunt to find any false rationale for Plaintiff's potential termination).

31. Plaintiff had surmised that Takacs seemed to be trying to find out if Plaintiff did anything during his entire tenure that could be a pretextual basis for discipline or removal. To Plaintiff's knowledge, nothing came of any of her pretextual witch-hunt and Plaintiff was not advised of: (a) any concerns; (b) any discipline; or (c) <u>anything</u> that warranted even a discussion with him.

32. In fact, Plaintiff was not even interviewed or questioned directly if there were any concerns pre-February of 2023. And Plaintiff continued to work on Defendant's premises with students from January through his termination from employment in June of 2023 (further

demonstrating there was no reasonable or justifiable concerns). To Plaintiff, this was Takacs probing for anything she could possibly find as a false rationale to get rid of Plaintiff (as Plaintiff was exemplary and well liked in the community).

33. Takacs was clearly exhibiting an intent to concoct a rationale to get rid of Plaintiff, was exhibiting animosity towards Plaintiff, was engaging in witch-hunts about possible wrongdoing (causing discomfort amongst many people), making age-related remarks about Plaintiff retiring, and could not give Plaintiff any details on why Plaintiff was terminated.

34. Takacs was functioning as a quasi-recruiter asking people who exhibited no prior interest in Plaintiff's job to replace him. And Plaintiff was terminated at age 69 and replaced by someone much younger, and less qualified despite strong community, student, and alumni opposition to Plaintiff's termination (and non-renewal) from employment.

35. Plaintiff has no doubt whatsoever that he was terminated because of his advanced age.

### Count I
### Violations of the Age Discrimination in Employment Act ("ADEA")
(Age Discrimination – Wrongful Termination)

36. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37. Plaintiff was: (a) not renewed; (b) terminated; and (c) not hired subject to a new application for employment <u>because of</u> his age.

38. Taking the aforesaid actions against Plaintiff because of his age constitute violations of the ADEA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination at the hands of Defendant until the date of verdict;

C. Plaintiff is to be awarded liquidated, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate (and the maximum extent permitted under laws in which Plaintiff's is suing under);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.      Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: <u>April 30, 2024</u>

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| James Romano | : | CIVIL ACTION |
| v. | : | |
| School District of Jenkintown | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 4/30/2024 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 202 Runnymede Avenue, Jenkintown, PA 19046

Address of Defendant: 325 Highland Avenue, Jenkintown, PA 19046

Place of Accident, Incident or Transaction: Defendant's place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/30/2024   _____   ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify): _____*

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify): _____*

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 4/30/2024   _____   ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ROMANO, JAMES

**DEFENDANTS**
SCHOOL DISTRICT OF JENKINTOWN

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** / 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | 862 Black Lung (923) | 490 Cable/Sat TV |
| 195 Contract Product Liability | | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/Exchange |
| 196 Franchise | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 864 SSID Title XVI | 890 Other Statutory Actions |
| | | 790 Other Labor Litigation | 865 RSI (405(g)) | 891 Agricultural Acts |
| | | | | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | [X] 442 Employment / 510 Motions to Vacate Sentence | | | |
| 240 Torts to Land | 443 Housing/Accommodations / 530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | | 462 Naturalization Application | | |
| | 446 Amer. w/Disabilities - Other / **Other:** / 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | 448 Education / 550 Civil Rights | | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADEA (29USC621)

Brief description of cause:
Violations of the ADEA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 4/30/2024
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

Print   Save As...   Reset